[No. 3233–1. Division One. May 9, 1977.]

LEIF H. BJORSETH, ET AL, *Respondents,* v. THE CITY OF SEATTLE, ET AL, *Appellants.*

*John P. Harris, Corporation Counsel,* and *E. Neal King, Assistant,* for appellants.

*Siderius, Lonergan & Crowley* and *C. R. Lonergan, Jr.,* for respondents.

PER CURIAM.—On April 8, 1977, this court granted respondent Bjorseth's petition for rehearing. The rehearing involved only the cross–appeal asserted by Bjorseth and discussed by this court in *Bjorseth v. Seattle,* 15 Wn. App. 797, 802–03, 551 P.2d 1372 (1976). On rehearing, Bjorseth argued that the City of Seattle was, in fact, utilizing a residence preference system in determining which civil service employees would be promoted. The City admits this practice but pointed us to several provisions of the city charter which it says allow for preference in employment based on residence within the City of Seattle.[1]

---

[1]The City of Seattle relies upon the following charter provisions in support of its policy of granting preferences in promotion to city residents:

Section 6. All applicants for offices or places in the classified civil service shall be subject to examination, which shall be public, competitive, and open to all citizens of the United States with specified limitations as to residence, age, health, habits, and moral character, but the commission may, by rule, designate other methods of examination based on merit for positions or classes when in the commission's judgment competitive examination is not practicable. No questions in any examination shall relate to political or religious opinion or affiliation. The commission shall control all examinations, and may, whenever an examination is to take place, designate a suitable number of persons, either in or not in the official service of the city, to be examiners, and if in the official service, it shall be a part of their official duty, without extra compensations, to conduct such examinations as the commission may direct, and to make return and report thereof to the commission, and the commission may at any time substitute any other person, whether or not in such service, in the place of anyone so selected. The commissioners may themselves act at any time as such examiners. Preference in employment shall at all times, subject to such examination, be given to citizens of the United States and residents of the city for one year. Apprenticeship positions may be established by ordinance which shall prescribe the tenure. Appointment shall be under this article for the term so prescribed and in harmony with the state apprenticeship laws. An apprentice may be suspended or removed during this term of apprenticeship, under the provisions of Section 12 of this article.

Section 8. From the returns or reports of the examiners, or from the examination made by the commission, the commission shall prepare a register for each class of positions in the classified service of the city of the persons whose

In reviewing these charter provisions, we are at a loss to see where any of the sections allow the City to engage in

standing upon examination for such class is not less than the minimum fixed by the rules of the said commission, and who are otherwise eligible; and such persons shall take rank upon the register as candidates in the order of their relative excellence as determined by examination, without preference to priority of time of examination. Provided, That, as among persons qualified by examination under the provisions of this article, persons who have been residents within the city for at least one year immediately preceding appointment and regular civil service employees who are required to reside outside the city in connection with their employment, shall be placed at the head of the list of eligibles in the order of their standing upon examination and shall be accorded preference in original appointment. Provided, further, that whenever the city has acquired or may acquire an existing privately owned public utility, all Seattle resident citizen employees of such utility who have been employed thereby for more than one year last past and who shall pass a qualifying civil service examination for their like respective positions shall be placed upon a preferred original eligible list for such positions as may be created as the result of such acquisition, and shall be entitled to preference in original appointment, to such positions: Provided, further, that as among persons qualified by examination under this article, preference in eligibility for appointment shall be given to such honorably discharged members of the armed forces including women who have served the United States in time of war and who were residents of the State of Washington at the time of entering such service, by adding ten (10) points to their respective earned examination ratings. As between candidates of equal standing, preference in appointment shall be given to such members. In case of layoff or reduction of force seniority in service shall be considered and credit for seniority given all members for time served in the armed forces at the rate of two to one to be added to city service. The preferences extended in this proviso shall not apply to promotional examinations; Provided, further, that any such disabled members shall be permitted to compete for civil service positions for which they are physically qualified subject to such special rules as the civil service commission shall prescribe.

Section 9. The head of the department or office in which the office classified under this article is to be filled shall notify the commission of any vacancy, and the commission shall certify to the appointing officer the names and addresses, together with notation of military, naval or marine service, if any, of such number of candidates, not less than five if there shall be so many eligible, standing first upon the register for the class or grade to which such position belongs as shall be equal to twenty–five percent of the total number of candidates on said register. The appointing officer shall notify the commission separately of each position to be filled, and shall fill such places by appointment from the persons certified to him by the commission therefor, which appointment shall be on probation for a period of twelve months, except for firemen where such period shall be six months. To facilitate the selection of appointees from the persons so certified, the appointing officer may require such persons to come before him, and shall be entitled to inspect such persons' examination papers, and may fill such positions by appointment from the persons so certified without regard to their order of certification, subject to the

the complained–of conduct. In fact, article 16, section 10, the main promotion provision, says nothing about residence in outlining procedures for promotion. As a result, we must agree with the respondent's position that the portion of the order granting summary judgment which states that "in all other respects the residency preferences . . . contained in the [city charter] . . . are hereby determined and declared to be valid and in full force and effect," should be reversed.

preference herein provided for. The commission may strike off the names of candidates from the register after they have remained thereon for a time to be limited by rule. Before the expiration of the period of probation, the head of the department or office in which a candidate is employed may, by and with the consent of the commission, discharge him upon assigning in writing his reasons therefor to the commission. If he is not then discharged, his appointment shall be deemed complete. To prevent the stoppage of public business, or to meet extraordinary exigencies, the head of any department may, with the approval of the commission, make temporary appointments to remain in force not exceeding sixty days, and only until regular appointments under the provisions of this article can be made.

Section 10. The commission shall by its rules provide, that whenever it is practicable in the judgment of the commission, positions in the higher classes shall be filled by promotion on the basis of service credit and standing upon competitive examination. The examination shall be such as to determine the qualifications of the applicants to perform the duties of the class positions. When it is not practicable for the position to be filled by promotional examination, the examination for the position shall be open and competitive, provided that preference in eligibility for appointment shall be given to each city employee who has had at least one year of regular service in a lower class of related work as defined in the class specification of duties by adding five per cent of his earned examination grade to such grade; and provided, further, that if the vacancy to be filled from the examination is within the department in which he is employed, an additional such credit of five per cent of his earned examination grade shall be added to his earned grade.

Section 27. The preference in appointment to civil service positions accorded by Article XVI of the City Charter to residents of Seattle for more than one year shall not apply where the Civil Service Commission determines in exceptional cases that such preference will hinder the city in the appointment of persons best qualified.

Seattle City Charter art. 16, §§ 6, 8, 9, 10, 27.

Reversed.